UNITED STATES BANKRUPTCY COURT          74-3159626
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re

                                   Chapter 11
                                   Case No.06-43527 -jf

         CANAL SANITATION, INC.,

------------------------------------------------------------X

## MOTION PURSUANT TO SECTIONS 363 (c)(1)and (2) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 SEEKING AN ORDER FOR APPROVAL OF A STIPULATION OF CANAL SANITATION, INC., WITH LOCAL 890 LEAGUE OF INTERNATIONAL FEDERATED EMPLOYEES AND LIFE BENEFIT PLAN

TO:     THE HONORABLE JEROME FELLER
          UNITED STATE BANKRUPTCY JUDGE

Canal Sanitation, Inc.,  Debtor  and Debtor-in-Possession (the "Debtor"), by its attorneys, Law Offices of Stephen B. Kass, P.C. for its motion pursuant to Sections 363(c)(1) and (2) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 9019") seeking an order of the Court (i) approving Stipulation of Canal Sanitation, Inc., with Local 890 League of International Federated Employees ("Local 890") and LIFE Benefit Plan ("The Fund"), (ii) authorizing payments of monthly installments as per the Stipulation, (iii) other and further relief as may be just and proper.

## BACKGROUND

1.        On September 25, 2006 (the "Filing Date"), the Debtor filed  Voluntary Petition

under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Code") with the United States

Bankruptcy Court for the Eastern District of New York**.**

2.        Subsequent to the Filing Date, the Debtor remained in operation and control of its

business pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.        This Court has jurisdiction over this motion pursuant to 28 U.S.C. Section 1334.

Venue of this proceeding and the motion in this District is proper pursuant to 28 U.S.C. Section

1408 and Section 1049. The statutory predicates for the relief sought herein are Section 363 (c)(1)

and (2) of the Bankruptcy Code and Section 9019 of the Bankruptcy Rules.

4.        Canal Sanitation, Inc., is a New York  Corporation engaged in a business of solid

waste removal. The  Debtor's principal place of business has been changed from 39 Ferris Street,

Brooklyn, NY 11231 to 54 Hook Road, Beyonne, NJ 07002.

5.         On March 28, 2007, creditors the Fund and Local 890 filed separate claims in the

Debtor's Chapter 11 case. The claims were filed as Canal Sanitation's claims, but were documented

on the Canal's Carting  Inc., Chapter 11 case claims register.

6.         Local 890 unsecured claim for $3,510.00 was filed on March 28, 2007 and its

number is 26 on the claims register. This claim is for the employees union dues to the League of

International Federated Employees ("Local 890" or the " Union"), pursuant to an agreement  signed

by the Debtor and the Union on April 1, 2005. According to the agreement, the Debtor had to deduct

from the earnings of the employees, who have authorized so in writing, a sum equal to the amount

certified by the Financial Secretary of the Union, those deductions are periodic union membership

dues amounts.  The Debtor did deduct the fees (Union dues), but failed to forward the deducted

amounts due to the Union and as such, do not constitute property of the Debtor's estate pursuant to

11 U.S.C. Section 541. The amounts owed are pre-petition union dues owed to the Local 890.

7.        The above mentioned contract signed between the Union and the Debtor states that

the Debtor also had to join the Life Benefit Plan ("The Fund") effective April 1st, 2005. The Fund

is administered jointly by the Union and covers the health and welfare part of the employees

employment. According to the Agreement the Debtor had to contribute $250.00 a month for PLAN-

A1 coverage, per employee, for each employee who has completed 30 days of employment. The

Debtor owes, pre-petition $ 22,240.00 to the Fund. As a precaution, and without waiving its claim

to the monies that are not the property of the Debtor's estate, the Fund filed a priority claim in the

Debtor's Chapter 11 case for $22,240.00.

## STIPULATION OF SETTLEMENT BETWEEN CANAL SANITATION, INC., AND LOCAL 890 LEAGUE OF INTERNATIONAL FEDERATED EMPLOYEES (LOCAL 890) AS WELL AS LIFE BENEFIT PLAN ("FUND")

8.        After the claims were filed in the Debtor's Chapter 11 case, the parties entered

into negotiations regarding the repayment of the amounts due to the Local 890 and the Fund.

9.        Taking into consideration the fact that the Union is an authorized Collective

Bargaining Agent for practically all the employees employed by the Debtor including all non-

supervisory drivers, helpers, mechanics, welders, utility and laborers it is vital for the Debtor to

be current with both creditors and start repayment of the pre-petition obligations due prior to the

Confirmation of the Debtor's Chapter 11 Plan.

10.        The respective parties have agreed that the total amount due on both of the

claims will be paid to the Union and the Fund within a 1 year period starting with the day of the

court's approval of the present agreement. Interest of 6 % (percent) will be added to the total

amount due. The total amount due with interest will be $27,295.00. This amount will be paid off

within a year in twelve (12) equal monthly installment payments of $2,275.00. The first monthly

payment will be due on the 1st day of the month following the bankruptcy court's approval of the

present Stipulation.

11.    The Debtor, Local 890 and the Fund have agreed that (a)

in the event that Debtor defaults in making timely payment of any monthly and fails to cure

within 5 days of the due date of the payment or, (b) the Debtor's Chapter 11 proceeding is

converted to a Chapter 7 proceeding, (c) the Debtor's bankruptcy proceeding is dismissed, or (d)

there is a sale, transfer or assignment of all or substantially all of the Debtor's assets, then in any

of those events: (i) the remaining balance shall be accelerated and shall be immediately due and

payable and if unpaid, default interest shall accrue at the rate of 12%; (ii) the remaining balance

plus interest shall be a joint and several obligation of the Debtor (including any successor,

assignee or purchaser of all or substantially all of the Debtor's assets) and the officers of the

Debtor (including any successor, assignee or purchaser of all or substantially all of the Debtor's

assets), Frank Campo and Nicholas Infantino. In such event, the Debtor, and the officers of the

Debtor, Frank Campo and Nicholas Infantino, shall be jointly and severally liable for the

attorneys' fees and expenses of the Fund and Local 890 arising out of, related to, or incurred in

connection with such event.

12.    Honoring the present agreement between the Debtor on one side and the Union

and a Fund on the other side seems imperative, since the Union and the Fund otherwise would

bring a Motion in front of the Bankruptcy Court to allow them to start examination of the Debtor

pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016. The reason for that would be

the necessity to determine how the Debtor commingled funds that were supposed to be paid to

the Union and the Fund with all other debtor's "cash".

13.     The process of examination can be very time consuming as much as very

expensive for both the Debtor and the creditors and might exceed, or come close to, the claim in

issue.

14.      In addition, the Union will be an integral piece of any Reorganization Plan.

## RELIEF REQUESTED

15.     By this motion, the Debtor seeks an approval of the Stipulation between Canal

Sanitation Inc., on one side and the Union and a Fund on the other side.

## WAIVER OF MEMORANDUM OF LAW

16.     The Debtor respectfully request that the Court waive the requirement set forth in

Local Bankruptcy Rule 9013-1(b) that any motion filed shall have an accompanying

memorandum of law.  No novel issues of law are presented in this Application and the

Application contains citations to the relevant authority.  Accordingly, the Debtor submits that

waiver of the Rule 9013-1(b) requirement is appropriate in these circumstances.

## NO PRIOR RELIEF REQUESTED

17.     No prior motion for the relief requested herein has been made to this or any other

court.

## CONCLUSION

18.     In light of the foregoing, the Debtor respectfully requests that this Court enter an

order substantially in the form annexed hereto as Exhibit "A" authorizing the Debtor to pay

Local 890 and the Fund as per the Stipulation, and granting such other and further relief as may

be just and proper.


Dated:  New York, New York
        September 10, 2007


                                        Respectfully Submitted,
                                        Law Offices of Stephen B. Kass, P.C.


                                        By: /s/Alina Solodchikova
                                        Alina Solodchikova (as9383)
                                        Stephen B. Kass (sk7735)
                                        Attorneys for CANAL SANITATION  INC.,
                                        Debtor/Debtor in Possession
                                        225 Broadway, Ste. 711
                                        New York, NY 10007
                                        (212) 843-0050